UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Thomas Harley, #162293,

               Petitioner,

vs.

Warden of Broad River Correctional Institution,

               Respondent.

C/A No. 3:10-2296-RBH-JRM

REPORT AND RECOMMENDATION

The petitioner, Thomas Harley ("Petitioner"), proceeding *pro se*, brings a civil action which has been construed as a petition pursuant to 28 U.S.C. § 2254 for habeas relief.[1] Petitioner is an inmate at the Broad River Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. Petitioner seeks to obtain a new jury trial for his state conviction for murder. This action should be summarily dismissed for lack of jurisdiction.

*Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. § 1915, the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v.*

---

1) Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

1

*Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This court is required to construe *pro se* petitions liberally. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Hughes*, 449 U.S. at 9. However, even under this less stringent standard, the petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Furthermore, even if the petitioner had paid the full filing fee, this court is charged with screening the petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules governing 2254 and Habeas Corpus cases. *See also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

Discussion

It appears that in 1989 Petitioner was convicted of murder in the Orangeburg County Court of General Sessions, and he received a life sentence. *See* South Carolina Department of Corrections Homepage, http://www.doc.sc.gov/index.jsp (follow "research," then follow "SCDC Inmate

Search," then "Search for Incarcerated Inmate," using the SCDC ID number 162293) (last visited Sept. 22, 2010).² In this action, Petitioner seeks the relief of a new jury trial (and impliedly to vacate his 1989 conviction) where the State must be required to comply with the American With Disabilities Act ("ADA"). Petitioner alleges that he has a severe hearing loss and that during his trial he "did not hear well enough to understand what was being said, or assist with my defense." Therefore, even though Petitioner filed this action on a § 1983 civil rights form and named certain persons as defendants who allegedly violated his constitutional rights, this court believes that this action is properly construed as a § 2254 habeas petition. *See Castro v. United States*, 540 U.S. 375, 381 (2003) ("Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category... to avoid an unnecessary dismissal ... ."). *See also Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"); *Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973) (attacking the length of duration of confinement is within the core of habeas corpus); *Manigault v. LaManna*, C/A No. 8:06-47-JFA-BHH, 2006 WL 1328780, at *4, n.4 (D.S.C. May 11, 2006) ("This Court is not bound by Petitioner's characterization of his claims because, when considering the issue

---

2) The court may take judicial notice of factual information located in postings on government websites. *See In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182, 2008 WL 4185869, at * 2 (E.D. La. Sept. 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records); *Williams v. Long*, No. 07-3459-PWG, 2008 WL 4848362, at *7 (D. Md. Nov. 7, 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating).

of its own jurisdiction, district courts are authorized to disregard such characterizations to avoid 'unjust manipulation or avoidance of its jurisdiction'").

A review of this court's records reveals that Petitioner has filed three previous § 2254 petitions for writ of habeas corpus in this court based upon his 1989 state conviction.[3] This court dismissed the first § 2254 petition with prejudice in October 2002 because the statute of limitations had run prior to its filing. *See Harley v. Condon*, C/A No. 3:02-1341-TLW-JRM (D.S.C.) (Docket Entries 15, 16). Petitioner appealed the dismissal, but the appeal was dismissed by the Fourth Circuit on February 5, 2003. *Harley v. Condon*, 55 Fed.Appx. 220 (4th Cir. 2003). In the second § 2254 petition, approximately two weeks after he filed it Petitioner requested that the petition be dismissed, and this court did so without prejudice. *See Harley v. State*, C/A No. 3:06-515-RBH-JRM (D.S.C.) (Docket Entries 6, 7). With his third § 2254 petition, this court dismissed the case without prejudice because Petitioner did not have permission from the Fourth Circuit Court of Appeals to file a successive § 2254 petition. *See Harley v. State*, C/A No. 3:07-1063-RBH-JRM (D.S.C.) (Docket Entries 12, 15). In order for this court to consider a second or successive § 2254 petition, Petitioner must obtain a Pre-Filing Authorization from the United States Court of Appeals for the Fourth Circuit under 28 U.S.C. § 2244(b)(3). *See In re: Williams*, 330 F. 3d 277 (4th Cir. 2003); *In re: Fowlkes*, 326 F. 3d 542 (4th Cir. 2003). Petitioner can obtain the necessary forms from

---

3) This court may take judicial notice of proceedings had before it in a prior suit with the same parties. *See Mann v. Peoples First Nat. Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989)("[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.").

the Clerk's Office of the United States Court of Appeals for the Fourth Circuit.[4] Because it appears that Petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file the within petition in the district court, this court does not have jurisdiction to consider it. *Cf. United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003); *In re Williams*, 444 F.3d 233, 237 (4th Cir. 2006).

Recommendation

Accordingly, it is recommended that the District Court dismiss the habeas petition in the above-captioned case *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and Rule 4 and 1(b) of the Rules Governing § 2254 Cases ([i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner). **The petitioner's attention is directed to the important notice on the next page.**

October 8, 2010  
Columbia, South Carolina

Joseph R. McCrorey  
United States Magistrate Judge

---

4) Patricia S. Conner, Clerk, U.S. Court of Appeals for the Fourth Circuit, 1100 East Main Street, Suite 501, Richmond, VA, 23219-3517.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).